IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD WEBSTER, individually and on behalf of a Class of persons similarly situated, | ) CASE NO.  1:12 CV 1654 |
| | ) |
| | ) JUDGE DONALD C. NUGENT |
| Petitioner, | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| FREEDOM DEBT RELIEF, LLC, et al., | ) |
| | ) |
| Respondents. | ) |

This matter is before the Court on Petitioner Donald Webster's Petition to Vacate Arbitration Award (ECF #1). In his Petition, Mr. Webster seeks to vacate a Partial Final Arbitration Award on Clause Construction Regarding Class Arbitration (the "Award") issued by the American Arbitration Association ("AAA") on March 1, 2012 in the matter of *Webster v. Freedom Debt Relief, LLC*, *et al*, AAA Case No. 11 51601298 11.   The Arbitrator found that the contract entered into between Petitioner Donald Webster and Respondent Century Negotiations, Inc. ("Century") does not permit arbitration on a class basis. The Arbitrator reviewed the briefs and the cases submitted by the parties and determined "that the law, and the facts in the agreement between the parties, does not support class action arbitration ...."[1]  (Award, p. 1) The Arbitrator examined the arbitration paragraph and the entire agreement between the Petitioner and Century and determined that the "only language this Arbitrator could find in the agreement that discusses the procedural aspects of resolving disputes, does not suggest class arbitration is

---

[1] Only Respondents Freedom Debt Relief, LLC ("FDR") and Century submitted briefs and cases to the Arbitrator.  Clause construction regarding class arbitration was not requested as to Global Client Solutions, LLC and Rocky Mountain Bank & Trust. Similarly, only FDR and Century have responded to the Petition in this action.

permissible, and in fact, contains language that would suggest there was no intent to permit class arbitration." (Id. at 3) Finally, the Arbitrator found that "[t]here is nothing ambiguous in the arbitration paragraph of the agreement that would permit parol evidence or reference to state law or the AAA rules to interpret the paragraph against the drafter to permit a class arbitration...." (Id.)

Petitioner contends that the Arbitrator's Award must be vacated because the Award was made in manifest disregard of the applicable law and exceeded the Arbitrator's power, which required him to apply the law as it exists. Specifically, the Petitioner asserts that the Arbitrator relied solely on two Supreme Court decisions and misapplied them in this instance.[2]

A district court's review of an arbitrator's decision is limited. *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 429 F.3d 640, 643 (6th Cir.2005). " 'When courts are called on to review an arbitrator's decision, the review is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurisprudence.' " *Id.* (quoting *Lattimer-Stevens Co. v. United Steelworkers,* 913 F.2d 1166, 1169 (6th Cir.1990)). The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed. Section 10 of the FAA sets forth the statutory grounds to vacate an arbitration award; namely: (1) where the award was procured by corruption, fraud, or undue means; (2) where an arbitrator evidenced partiality or corruption; (3) where the arbitrators were guilty of misconduct; and (4) where the arbitrators exceeded their power. 9 U.S.C. § 10(a)(1)-(4). Petitioner does not seriously assert that any of these statutory grounds apply here.

---

[2] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010) and *AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740 (2011).

While this Court's ability to vacate an arbitration award is almost exclusively limited to these statutory grounds, the Sixth Circuit permits a court to vacate an award found to be in manifest disregard of the law. *Nationwide*, 330 F.3d at 847. The Sixth Circuit has emphasized that manifest disregard of the law is a very narrow standard of review. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418 (6th Cir.1995); *Anaconda Co. v. District Lodge No. 27,* 693 F.2d 35 (6th Cir.1982). A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. *Jaros*, 70 F.3d at 421; *Anaconda,* 693 F.2d at 37-38. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

In this case it is clear that the Arbitrator determined that the most recent Supreme Court cases concerning class action arbitration, *Stolt-Nielson* and *AT&T Mobility*, are the most controlling in this instance and recognized that those cases set forth the principle that parties must do more in their arbitration agreements than merely be silent on the issue of class arbitration, the agreements of the parties must affirmatively indicate whether the parties agreed to authorize class arbitration. Thus, the Arbitrator identified the clearly defined legal principle applicable in this instance and applied it to the terms of the arbitration agreement at issue. Petitioner does not dispute that *Stolt-Nielson* provides the "clearly defined ... legal principle" to be applied in this instance. Rather, the Petitioner asserts that the Arbitrator acted in manifest disregard of the law because the correct application of *Stolt-Nielsen* would have obligated the Arbitrator to "identify and apply a rule of decision derived from state law" in order to assess the

3

parties' intentions regarding class arbitration. ECF #1 at 11. However, it is clear that the Arbitrator read and considered all of Petitioner's claims and arguments before reaching his decision, including the cases interpreting state contract law. (Award, p.1) Thus, there can be no argument that the Arbitrator failed to consider and apply any relevant state law. At base, Petitioner's argument is just a disagreement with the Arbitrator's interpretation and application of *Stolt-Nielsen*. The Court may not overturn an arbitral award based on "mere error in interpretation or application of the law." *Jaros*, 70 F.3d at 421. In any event, review of the Award, as well as *Stolt-Nielsen* and all of the cases cited by the parties and the agreement at issue, has convinced the Court that the Arbitrator's decision is correct.

In sum, Petitioner has failed to demonstrate that the Arbitrator acted in manifest disregard of the law.  The Arbitrator considered the controlling legal authorities, articulated the correct legal principle, and applied that principle to the terms of the arbitration agreement. There is no basis for this Court to vacate the Award.  Accordingly, the Petition to Vacate is denied.

IT IS SO ORDERED.

       /s/Donald C. Nugent
      DONALD C. NUGENT
      UNITED STATES DISTRICT JUDGE

DATED:  September 25, 2012